KLEINFELD, Senior Circuit Judge,
dissenting
I respectfully dissent. I would deny the petition for review. The record supported the BIA’s determination that there was no clear error in the immigration judge’s conclusion that Singh lacked credibility.
*898 The majority evidently would extend Singh v. Gonzales to the dissimilar circumstances in this case.[1] There, the asylum officer did not testify to confirm his notes.[2] Here, he did. There, his notes were only a “short, conclusory summary,”[3] here, his notes were extensive and detailed. Indeed, the testimony of the asylum officer is very comparable to situations where doctors testify and when policemen testify. They handle a great volume of people, they often have no recollection of them, and they rely on their past recollection recorded. The utility of past recollections recorded and relative reliability is why there is an exception to the hearsay rule for past recollection recorded.[4] Furthermore, in Singh, the applicant was given no chance to explain the discrepancies between his asylum application, the asylum officer’s notes, and his testimony before the immigration judge.[5] Here, he was advised of the apparent discrepancies and given a full opportunity to explain them. There, the notes were not contemporaneous, here, they were.[6]
We are obligated in this case to follow Li v. Ashcroft, where we held that statements given at an airport interview were properly used as a basis for impeachment because there were sufficient indicia of reliability.[7] The same is true here. And, as we noted in Li, “Our inquiry ends if the IJ could reasonably conclude that the sworn interview statement was a reliable impeachment source.”[8]
In Singh v. Gonzales, the issue was discrepancies in the precise dates of four arrests.[9] A normal person might easily make mistakes on dates, as anyone who has erred on an anniversary or birthday date knows. Here, by contrast, Singh told the asylum officer that he was arrested past midnight, but testified before the immigration judge that the police arrived at 9:00 in the morning. That is a much more striking discrepancy, and it is much less plausible that one would forget whether he had been rousted out of bed in the middle of the night or arrested at breakfast time. There were other discrepancies as well that were much less plausible than the discrepancies in Singh v. Gonzales.
The immigration judge in this case also was justifiably inclined to doubt Singh’s credibility, as the BIA found, because of the identification card he offered as evidence. As the immigration judge explained in her decision, “the photograph has been washed, and there is no way of knowing whether it actually pertains to the respondent or not ... it is highly suspect ... that this ink would be so clear on the signature part and the date if this is [has] been washed in the manner in which respondent has indicated. To this date, I do not know who respondent is.” Singh testified that the card had been washed, and that was why it was largely illegible and did not show his picture. Yet the signature and date were clear, the ink purposefully unaffected by the washing. If the pants were washed as Singh had claimed, the entire card wold have been washed, not just parts of it.
*899 The matters on which Singh was found not to be credible, whether he was really Nishan Singh and whether he had been arrested at all, went to the heart of his claim. There is substantial evidence on the record as a whole that supports the BIA’s conclusion that the immigration judge’s adverse credibility determination was not clearly erroneous. Accordingly, we should deny the petition.

. Singh v. Gonzales, 403 F.3d 1081 (9th Cir. 2005).

. Id, at 1088.

. Id. at 1089.

. See FED.R.EVID. 803(5).

. Id. at 1090.

. Id. at 1089.

. Li v. Ashcroft, 378 F.3d 959, 963 (9th Cir. 2004).

. Id.

. Singh, 403 F.3d at 1085.,